UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY APEL,

   Plaintiff,

v.

VIKING CLIENT SERVICES,
INC., LVNV FUNDING LLC,
and RESURGENT CAPITAL
SERVICES, L.P.,

   Defendants.
_____/

## Class Action Complaint

### I. Introduction

1. This is an action for damages brought by plaintiff, individually and on behalf of all others similarly situated, and against defendants, for sending to consumers in Michigan, a form letter that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Occupational Code ("MOC") M.C.L. § 339.901 *et seq.*

### II. Jurisdiction

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here, the plaintiff resides here, and the defendants transact business here.

### III. Parties

3. Plaintiff Gregory Apel is a natural person residing in Kent County, Michigan. Mr.

1

Apel is a "consumer" and "person" as the terms are defined and used in the FDCPA. Mr. Apel is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC.

4.  Defendant Viking Client Services, Inc. ("Viking"), also known as Viking Collection Service, is a Minnesota corporation, with offices at 7500 Office Ridge Circle, Suite 100, Eden Prairie, Minnesota 55344. The registered agent for Viking in Michigan is Business Filings Incorporated, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. Viking uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Viking regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Viking is a "debt collector" as the term is defined and used in the FDCPA. Viking is licensed (No. 2401000627) by the State of Michigan to collect consumer debts in Michigan. Viking is a "collection agency" and "licensee" as the terms are defined and used in MOC.

5.  Defendant LVNV Funding LLC ("LVNV") is a Delaware limited liability company. The registered agent for LVNV is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. LVNV uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. LVNV is a "debt collector" as the term is defined and used in the FDCPA. LVNV is a "collection agency" and "licensee" as the terms are defined and used in the MOC.

6.  Defendant Resurgent Capital Services L.P. ("Resurgent") is a Delaware limited partnership. The registered agent for Resurgent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Resurgent regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

2

another. Resurgent uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Resurgent is a "debt collector" as the term is defined and used in the FDCPA. Resurgent is a "collection agency" and "licensee" as the terms are defined and used in the MOC.

7. Resurgent and LVNV are separate but related entities. LVNV buys and holds delinquent consumer debt. Resurgent manages efforts to collect the delinquent consumer debt owned by LVNV, including the hiring and monitoring of third-party debt collectors, such as Viking.

## IV. Facts Relevant to Mr. Apel and the Putative Class

8. Mr. Apel had a credit account with Credit One Bank, N.A. which he used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation of Mr. Apel to money was a "debt" as the term is defined and used in the FDCPA and MOC.

9. Mr. Apel defaulted on his obligation to pay the alleged debt.

10. Mr. Apel disputes the amount of the alleged debt.

11. Credit One Bank, N.A. charged off the alleged debt and sold the account and related debt.

12. LVNV purchased Mr. Apel's charged-off account and related debt.

13. Resurgent placed Mr. Apel's charged-off account and related debt with Viking so that Viking could attempt to collect the debt from Mr. Apel.

14. Viking sent Mr. Apel a form collection letter dated July 18, 2012. The letter was the initial communication between Viking and Mr. Apel in connection with Viking's efforts to

collect the alleged debt from Mr. Apel. The letter stated near the middle of the page that the "Original Creditor" was "CREDIT ONE BANK, N.A." and that the current "Creditor" was "LVNV FUNDING LLC". The letter stated near the bottom quarter of the page: "The attached privacy notice is being sent to you on behalf of your creditor Resurgent Capital Services LP." The attached privacy notice contained a list of nineteen entities that were described as "related companies" and stated that the nineteen related companies may share information with each other from time to time. The letter did not disclose whether the true current creditor was LVNV or Resurgent. The letter did not explain the relationship between LVNV and Resurgent. The letter falsely stated that Resurgent was the current creditor, when in fact, Resurgent was merely a debt collector for the current creditor, LVNV. A copy of the letter and attached privacy notice are attached hereto as Exhibit A.

15. In July of 2012, the United States Postal Service delivered Exhibit A to Mr. Apel at his residence.

16. The FDCPA requires that, within five days of the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

17. Defendants' letter to Mr. Apel failed to effectively disclose "the name of the creditor to whom the debt is owed," first stating that the creditor to whom the debt is owed was "LVNV FUNDING LLC, " and then stating that the creditor to whom the debt is owed was Resurgent Capital Services LP." The letter did not explain the relationship between LVNV and

4

Resurgent. The letter falsely stated that Resurgent was the current creditor, when in fact, Resurgent was merely a debt collector for the current creditor, LVNV.

18. In determining whether a debt collector has violated the FDCPA, courts in the Sixth Circuit apply the "least sophisticated consumer" standard, an objective standard which focuses upon whether the debt collector's actions would have misled or deceived the least sophisticated consumer. *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992).

19. A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. *Federal Home Loan Mortgage Corporation v. Lamar*, 503 F.3d 504, 512.

20. Defendants' form collection letter violated the FDCPA because if failed to effectively disclose the name of the creditor to whom the debt is owed as required by 15 U.S.C. § 1692g(a)(2).

21. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

22. Defendants' form collection letter falsely represented that Resurgent was the current creditor, when in fact, Resurgent was merely a debt collector for the current creditor, LVNV. Defendants' false representation violated the FDCPA, 15 U.S.C. § 1692e(10).

23. The MOC requires that, within five days after the initial communication with a consumer in connection with a collection of a debt, a collection agency shall send the consumer, unless the following information is contained in the initial communication or the consumer has paid the debt, a written notice containing "the name of the creditor to whom the debt is owed."

MCL § 339.918(1)(c).

24. Defendants' letter to Mr. Apel failed to effectively disclose "the name of the creditor to whom the debt is owed," first stating that the creditor to whom the debt is owed was "LVNV FUNDING LLC," and then stating that the creditor to whom the debt is owed was Resurgent Capital Services LP." The letter did not explain the relationship between LVNV and Resurgent. The letter falsely stated that Resurgent was the current creditor, when in fact, Resurgent was merely a debt collector for the current creditor, LVNV.

25. Defendants' form collection letter violated the MOC because if failed to effectively disclose the name of the creditor to whom the debt is owed as required by MCL § 339.918(1)(c).

26. The MOC states that it is unlawful for a collection agency to make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. MCL § 339.915(e).

27. Defendants' form collection letter falsely represented that Resurgent was the current creditor, when in fact, Resurgent was merely a debt collector for the current creditor, LVNV. Defendants' false representation violated the MOC, MCL § 339.915(e).

V. **Facts Relevant to Mr. Apel Only**

28. On or about October 15, 2012, Mr. Apel spoke by telephone with a Viking employee identified as Nicole. In the ensuing conversation, the Viking employee made the following statements to Mr. Apel:

    (a) Viking was recording the telephone conversation.

    (b) "My client is Resurgent Capital Services."

6

(c) Your account has been "placed in a pre-legal segment of business. That means if we don't work out some form of an arrangement on the account or an agreement, that it will be forwarded to our attorney's office and reviewed for suit against you."

(d) "My client is Resurgent Capital Services. They've actually purchased your account through the Credit One Bank."

(e) If you pay us, our client Resurgent Capital Services will repair your credit.

(f) Resurgent Capital Services has purchased your account.

(g) If you pay us, this is not going to reach the attorney's office and they're not going to review to file suit against you.

Mr. Apel stated that he had never heard of, or had any business dealings with, Resurgent Capital Services. Mr. Apel stated that he had disputed the debt with Credit One Bank, N.A. and that he was disputing the debt now. Mr. Apel instructed the Viking employee that the next time Viking communicated with Resurgent regarding the account, Viking should communicate to Resurgent that the debt is disputed. Hearing that, the Viking employee replied:

(h) You opened this account in 2008. You've had plenty of time to dispute it. "The time to dispute this is long gone."

29. The Viking employee in her telephone conversation with Mr. Apel repeatedly and falsely represented to Mr. Apel that the debt was owned by Resurgent.

30. The Viking employee in her telephone conversation with Mr. Apel falsely represented to Mr. Apel that if Viking and Mr. Apel did not work out some form of an arrangement on the account or an agreement, then the account would be forwarded to <u>Viking's</u>

attorney's office and reviewed for suit against Mr. Apel.

31. The Viking employee in her telephone conversation with Mr. Apel repeatedly and falsely threatened Mr. Apel with litigation if Mr. Apel did not make arrangements with Viking to pay the alleged debt.

32. The Viking employee in her telephone conversation with Mr. Apel falsely represented to Mr. Apel that if Mr. Apel paid money to Viking, then Resurgent would repair Mr. Apel's credit.

33. The Viking employee in her telephone conversation with Mr. Apel falsely represented to Mr. Apel that the time for Mr. Apel to dispute the alleged debt was "long gone."

34. It is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

35. It is unlawful for a debt collector to threaten to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

36. It is unlawful for a debt collector to communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

37. It is unlawful for a debt collector to use "any false representation or deceptive means to collect or attempt to collect any debt. . . ." 15 U.S.C. § 1692e(10).

38. The statements made by the Viking employee in her telephone conversation with Mr. Apel violated the FDCPA, 15 U.S.C. § 1692e(2)(A), (5), (8) and (10).

VI. **Class Allegations**

39. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this action individually

and on behalf of a class of all others similarly situated.

40. The class consists of each and every natural person with a Michigan address to whom Viking Client Services, Inc. sent a letter in the form of Exhibit A, in connection with efforts by Defendants to collect a delinquent consumer debt allegedly owed by the addressee.

41. The class is limited in time to include only those natural persons to whom Viking Client Services, Inc. sent a letter in the form of Exhibit A during that period of time from October 23, 2011 to the present.

42. Defendants regularly send the same collection letter in the form of Exhibit A to other persons in Michigan in their attempts to collect delinquent consumer debts.

43. The class consists of more than 35 persons.

44. The class members are so numerous that joinder is impracticable.

45. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominate questions are:

    a) Did Defendants' form collection letter fail to effectively disclose the name of the creditor to whom the debt is owed?

    b) Did Defendants' form letter fail to effectively disclose the name of the creditor to whom the debt is owed and thereby violate the FDCPA, 15 U.S.C. § 1692g(a)(2)?

    c) Did Defendants' form letter fail to effectively disclose the name of the creditor to whom the debt is owed and thereby violate the MOC, MCL § 339.918(1)(c)?

    d)    Did Defendants' form collection letter falsely represent that Resurgent was the current creditor, when in fact, Resurgent was merely a debt collector for the current creditor, LVNV?

    e)    Did Defendants' form collection letter falsely represent that Resurgent was the current creditor, when in fact, Resurgent was merely a debt collector for the current creditor, LVNV, and thereby violated the FDCPA, 15 U.S.C. § 1692e(10)?

    f)    Did Defendants' form collection letter falsely represent that Resurgent was the current creditor, when in fact, Resurgent was merely a debt collector for the current creditor, LVNV, and thereby violated the MOC, MCL § 339.915(e)?

46.    Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

47.    This class action is superior to other available methods for the fair and efficient adjudication of this controversy. Many consumers may not realize that their rights have been violated. Common relief is sought on behalf of all members of the Class. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

48. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the proposed class action will not be extraordinarily difficult, the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, and Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

49. Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## VII. Claims for Relief

### Count 1 – Fair Debt Collection Practices Act

50. Plaintiff incorporates the foregoing paragraphs by reference.

51. Defendants have violated the FDCPA. Specifically:

a) Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

b) Defendants violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff, individually and on behalf of all others similarly situated, requests that the Court certify this action as a class action, and seeks:

a) Statutory damages for plaintiff and the Class pursuant to 15 U.S.C. § 1692k;

b) Actual damages for plaintiff pursuant to 15 U.S.C. § 1692k;

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

d) Such further relief as the court deems just and proper.

## Count 2 – Michigan Occupational Code

52. Plaintiff incorporates the foregoing paragraphs by reference.

53. Defendants have violated the MOC. Specifically:

a) Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt; and

b) Defendant violated M.C.L. § 339.918(1)(c).

**Wherefore,** plaintiff, individually and on behalf of all others similarly situated, requests that the Court certify this action as a class action, and seeks:

a) Statutory damages, trebled, for plaintiff and the Class pursuant to M.C.L. § 339.916;

b) Actual damages for plaintiff pursuant to M.C.L. § 339.916; and

c) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916.

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: October 22, 2012

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com